PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

U.S.A. vs. <u>ILLYA JOHNSON</u>					Docket No. <u>2:02CR20348-001</u>

### Petition on Probation and Supervised Release

**COMES NOW** <u>FREDDIE MCMASTER II</u> **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of <u>Illya Johnson</u> who was placed on supervision by the Honorable <u>Jon P. McCalla</u> sitting in the Court at <u>Memphis, TN</u> on the <u>4th</u> day of <u>June, 2002</u> who fixed the period of supervision at <u>two (2) years*</u>, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

*Term of Supervised Release began May 4, 2005.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (PLEASE SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** a SUMMONS be issued for Mr. Johnson to appear before the Honorable Jon P. McCalla to answer charges of violation of Supervised Release.

**ORDER OF COURT**

Considered and ordered this __18__ day of __Jan__, 20__06__ and ordered filed and made a part of the records in the above case.

Jon P. McCalla
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 12, 2006__

__Freddie McMaster II__
U.S. Probation Officer

Place		Memphis, Tennessee

PROB 12
Johnson, Illya
Docket No. 2:02CR20348-001
Page 2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Mr. Johnson used a controlled substance as evidenced by positive screens for marijuana on June 25 and August 1, 2005, and for cocaine on November 19, 2005. He voluntarily signed a statement admitting to having used marijuana on December 23, 2005.

**The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.**

On June 2, 2005, Mr. Johnson was referred to the Alcohol and Chemical Abuse Rehabilitation Center (ACAR) to begin drug testing and treatment. He missed scheduled counseling sessions on July 1, September 26, and October 25, 2005, and random drug tests on June 8, 16, 20, December 3, 2005, and January 11, 2006. On December 27, 2005, while being screened at ACAR, Mr. Johnson attempted to falsify his screen results by trying to pour urine he had brought in a plastic bottle into the specimen container. On December 28, 2005, he was discharged from ACAR due to non-compliance.

# VIOLATION WORKSHEET

1. Defendant _____ Illya Johnson    3223 Thomas #2   Memphis, TN 38127 _____

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:02CR20348-001 _____

3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date    06        04        02
                            month     day      year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| Usage of a controlled substance (cocaine & marijuana) | B |
| Failure to participate in drug testing/treatment as directed | C |

8. Most Serious Grade of Violation (see §7B1.1(b))    B

9. Criminal History Category (see §7B1.4(a))74    IV

10. Range of imprisonment (see §7B1.4(a))    | 12-18 months* |

*Being originally convicted of a Class C felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { }    (a)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

    { }    (b)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

    {X}    (c)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

**Defendant**   Illya Johnson       Docket #2:02CR20348-001

**12.   Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

| | |
|---|---|
| Restitution ($) _____N/A_____ | Community Confinement _____N/A_____ |
| Fine ($) _____N/A_____ | Home Detention _____N/A_____ |
| Other _____N/A_____ | Intermittent Confinement _____N/A_____ |

**13.   Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

**14.   Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____
_____
_____

**15.   Official Detention Adjustment** {see §7B1.3(e)}: months _____ days _____

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit